# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MOACIR LOPES AND JENNIFER LOPES, | : | |
| Plaintiffs, | : | |
|  | : | CIVIL ACTION |
| v. | : | |
|  | : | NO. 07-4952 |
| MCFADDEN'S AT BALL PARK, LLC *et al.*, | : | |
| Defendants. | : | |
|  | : | |

## Memorandum and Order

YOHN, J.                                                                     March ___, 2008

Presently before me is a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant McFadden's at Ball Park, LLC ("McFadden's") for dismissal of plaintiffs' request for punitive damages.  Because plaintiffs' Amended Complaint states a claim for punitive damages with respect to McFadden's, I will deny this motion.

As alleged in plaintiffs' Amended Complaint,[1] on November 27, 2005, from about 2:00 to 4:00 p.m., plaintiff Moacir Lopes was consuming alcoholic beverages at a restaurant and bar owned and operated by McFadden's.  (Am. Compl. ¶ 15.)  Even though he became visibly intoxicated while there, McFadden's employees "unlawfully, recklessly, intentionally, wantonly, negligently and carelessly" continued to serve him alcoholic beverages.  (*Id.* ¶¶ 15, 34(a).)  When he left McFadden's and entered Lincoln Financial Field to attend a Philadelphia Eagles football

---

[1] When evaluating a motion to dismiss, the court must accept as true all well-pled allegations of fact in the complaint, and any reasonable inferences that may be drawn therefrom must be viewed in the light most favorable to the plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

game, he was intoxicated.  (*Id.* ¶¶ 15, 16.)  His intoxication led to an incident at Lincoln

Financial Field with security personnel employed by defendants Contemporary Services Corp.,

Executive Security Management, Inc.,[2] and Eagles Stadium Operator, LLC,[3] as well as with

Philadelphia police officers.  As a result of this incident, Moacir was injured.  (*Id.* ¶¶ 17-20.)

Moacir and his wife, Jennifer, brought suit seeking damages for these injuries, alleging,

inter alia, that agents and employees of McFadden's caused Moacir to become intoxicated,

continued to serve him alcoholic beverages when he was visibly intoxicated in violation of 47 Pa.

Cons. Stat. § 4-493(1),[4] employed improperly trained employees and improperly trained its

employees, violated the terms of its liquor license, and failed to protect its patrons from the

harmful effects of alcoholic beverages.  (Am. Compl. ¶¶ 31-34.)  Plaintiffs assert that they are

entitled to punitive damages as a result of the actions of McFadden's.[5]  (*Id.* ¶ 30.)

---

[2] Plaintiffs improperly designated this defendant as "Executive Security Management."
(*See* Executive Security Management, Inc.'s Answer.)

[3] Plaintiffs improperly designated this defendant as "Philadelphia Eagles Stadium
Operator, LLC."  (*See* Eagles Stadium Operator, LLC's Answer.)

[4] The statute provides, in relevant part:  "It shall be unlawful . . . [f]or any licensee . . . or
any employe[e], servant or agent of such licensee . . . , to sell, furnish or give any liquor or malt
or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or
given, to any person visibly intoxicated . . . ."

[5] Plaintiffs' initial Complaint included a request for punitive damages.  On January 4,
2008, Eagles Stadium Operator, LLC filed a motion to dismiss plaintiffs' request for punitive
damages.  Thereafter, plaintiffs filed their Amended Complaint, which alleges not only negligent
and careless acts by all defendants, but also unlawful, reckless, intentional, and wanton acts.
Eagles Stadium Operator, LLC's motion to dismiss plaintiffs' request for punitive damages was
then dismissed without prejudice as moot.  On January 29, 2008, Executive Security
Management, Inc. filed a motion to dismiss plaintiffs' request for punitive damages to which
plaintiffs did not respond; that motion was granted as unopposed on February 19, 2008.
McFadden's filed the instant motion on February 4, 2008, and plaintiffs responded on February
20, 2008.

Although state law provides the standard for awarding punitive damages, federal law provides the pleading standards relevant to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint "does not need detailed factual allegations," but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Id.* at 1964-65 (citations and alterations omitted). In evaluating a complaint that is the subject of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

State law—in this case, Pennsylvania law[6]—provides the legal standard for awarding punitive damages. *See, e.g.*, *Johnson v. Occidental Fire & Cas. Co. of N.C.*, 954 F.2d 1581, 1585 (11th Cir. 1992) (using state choice-of-law rules to determine whether punitive damages are allowed pursuant to the substantive law of different states); *Enron Corp. v. Lawyers Title Ins. Corp.*, 940 F.2d 307, 312-13 (8th Cir. 1991) (same); *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594, 605 (7th Cir. 1981) (same). In Pennsylvania, the standard used for awarding punitive damages is set out in section 908(2) of the Restatement

---

[6] McFadden's relies on Pennsylvania law in its memorandum in support of its motion to dismiss, and plaintiffs have not suggested that another state's law should apply. As the alleged injury occurred in Pennsylvania, I will use Pennsylvania law.

(Second) of Torts.  *See Chuy v. Eagles Football Club*, 595 F.2d 1265, 1277 (3d Cir. 1979); *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984).  The Restatement provides:  "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."  Restatement (Second) of Torts § 908(2) (1979); *see also Feld*, 485 A.2d at 747-48 (explaining that an award of punitive damages must be based on conduct that is malicious, wanton, reckless, willful, or oppressive).  Therefore, "[t]he state of mind of the actor is vital.  The act, or the failure to act, must be intentional, reckless or malicious."  *Feld*, 485 A.2d at 748.  In evaluating a request for punitive damages, "one must look to 'the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties.'"  *Id.* (quoting *Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963)).

With respect to each allegedly wrongful act of McFadden's listed in the Amended Complaint, plaintiffs assert that McFadden's took the action "[u]nlawfully, recklessly, intentionally, wantonly, negligently and carelessly" and in violation of its alleged "duty to provide a safe environment" for patrons.  (Am. Compl. ¶¶ 33-34.)  Whether plaintiffs can prove these allegations at trial is not at issue in the instant motion.  Instead, the only issue currently before me is whether plaintiffs have provided "not only 'fair notice,' but also the 'grounds' on which the claim rests."  *See Phillips*, 515 F.3d at 232.  After reviewing the Amended Complaint and the reasonable inferences that can be drawn therefrom in the light most favorable to plaintiffs, I conclude that plaintiffs state a claim for punitive damages against McFadden's.  Thus, I will deny this motion to dismiss plaintiffs' request for punitive damages.

An appropriate order follows.

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| MOACIR LOPES AND JENNIFER LOPES, | : | |
|     Plaintiffs, | : | |
| | : | CIVIL ACTION |
|   v. | : | |
| | : | NO. 07-4952 |
| MCFADDEN'S AT BALL PARK, LLC *et al.*, | : | |
|     Defendants. | : | |
| | : | |

## Order

YOHN, J.

And now, this ___ day of March 2008, upon careful consideration of the McFadden's at Ball Park, LLC's motion to dismiss plaintiffs' request for punitive damages (Doc. No. 17) and plaintiffs' response thereto, IT IS HEREBY ORDERED that the motion brought by McFadden's is DENIED.

_____ s/ William H. Yohn Jr. _____
William H. Yohn Jr., Judge
